United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ALBERT B. KIM,
Plaintiff,
v.
CITY OF CAMPBELL,
Defendant.

Case No. 26-cv-10470-NC

**ORDER GRANTING IFP APPLICATION; SCREENING COMPLAINT UNDER 28 U.S.C. § 1915; DENYING REQUEST FOR EQUITABLE TOLLING WITHOUT PREJUDICE**

Re: ECF 1, 2

On September 15, 2026, self-represented Plaintiff Albert B. Kim filed a civil complaint against Defendant City of Campbell alleging that Defendant repeatedly failed to secure an American Sign Language interpreter for Mr. Kim during a series of interactions in 2019. ECF 1. Mr. Kim's complaint alleges that Defendant's actions constituted a violation of Title II of the American Disabilities Act, 42 U.S.C. § 12132, and requests the Court to apply equitable tolling. *Id.* Mr. Kim also filed an application to proceed "in forma pauperis" (IFP) in this case. ECF 2.

This Order (1) GRANTS Mr. Kim's application for leave to proceed IFP, (2) FINDS that Mr. Kim's complaint satisfies the § 1915 screening requirements, and (3) DENIES Mr. Kim's request for equitable tolling without prejudice.

## I. FREE HELP OFFERED FOR SELF-REPRESENTED LITIGANTS

As a free service to self-represented civil litigants, the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice. The Federal Pro Se Program is available by phone appointment at (408) 297-1480. There are also online resources available on the Court's webpage. The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

## II. THE COURT GRANTS MR. KIM'S IFP APPLICATION

The Court is persuaded by Mr. Kim's IFP application that he cannot afford the court filing fees. ECF 2. Accordingly, the Court GRANTS the IFP application.

## III. THE COURT SCREENS MR. KIM'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)

Next, the Court screens the complaint. 28 U.S.C. § 1915(e)(2) requires the Court to screen a complaint filed by a person proceeding IFP who is unable to pay the filing fees. In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Additionally, a plaintiff may amend the complaint once "as a matter of course" before serving the defendant with the complaint. Fed. R. Civ. P. 15(a)(1).

Upon reviewing Mr. Kim's complaint, the Court determines that there is at least one cognizable claim on the face of the complaint and thus FINDS that it satisfies that § 1915 screening requirements. In making this preliminary determination, the Court does not preclude Defendant from challenging the causes of action, raising defenses, or otherwise moving to dismiss the complaint.

United States District Court
Northern District of California

## IV. THE COURT DENIES MR. KIM'S REQUEST FOR EQUITABLE TOLLING WITHOUT PREJUDICE

Mr. Kim's complaint requests equitable tolling. ECF 1 ¶ 7. However, Defendant has not had the opportunity to contest the application of the doctrine of equitable tolling. Mr. Kim has not explained why the Court should respond to this request on an expedited basis without giving Defendant the opportunity to reply. Granting Mr. Kim's request at this time, therefore, would be unfair. *See In re Cramer*, 636 B.R. 830, 833 (Bankr. C.D. Cal. 2022) (finding that granting the motion requesting the application of equitable tolling would be unfair because it would deprive the defendants the opportunity to contest the motion). As such, the Court DENIES Mr. Kim's request for equitable tolling but does so without prejudice. Mr. Kim remains free to raise equitable tolling at a later date.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Kim's application to proceed IFP, FINDS that Mr. Kim's complaint satisfies the 28 U.S.C. § 1915 screening requirements, and DENIES Mr. Kim's request for equitable tolling without prejudice.

Accordingly, the Clerk of Court shall issue the summons, and the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, attachments, and this Order upon Defendant.

**IT IS SO ORDERED.**

Dated: September 22, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge